

# NUMBERS 13-15-00195-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CARMINA PADROZ,**                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                **Appellee.**

### On appeal from the 36th District Court
### of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Carmina Padroz appeals her conviction of possession of a controlled substance: marijuana, a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West, Westlaw through Ch. 46 2015 R.S.). Appellant judicially confessed to the offense and was placed on deferred-adjudication community supervision for a period of ten years. The State subsequently moved to revoke appellant's community

supervision, alleging appellant violated numerous terms of community supervision conditions.[1]   Specifically, the State's motion to revoke alleged appellant: (1) failed to report in person during the term of supervision; (2) failed to submit to random urinalysis; (3) failed to attend alcoholics anonymous or narcotics anonymous meetings; (4) failed to attend sanctioned and sponsored peer support group meetings; (5) failed to make monthly probation payments; (6) failed to pay court costs; (7) failed to pay restitution; and (8) failed to pay the monetary fine.   After appellant plead true to every allegation, the trial court found appellant guilty and sentenced her to six years in the Texas Department of Criminal Justice, Institutional Division.   Appellant's court-appointed counsel has filed an *Anders* brief.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.   *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

---

[1] On January 17, 2002, the trial court allowed a "travel permit", granting appellant permission to travel to Tulane, California, for the purpose of residency from January 16, 2002 until March 16, 2002. Appellant failed to return to Texas, and the State filed a motion to adjudicate appellant's guilt and to revoke her community supervision. On December 14, 2014, appellant was located and arrested in Arizona. In 2015, she was extradited from Arizona to Texas.

authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant with copies of both pleadings; (3) informed the appellant of appellant's rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-19, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. No pro se brief was filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We reviewed the entire record and counsel's brief, and found nothing that would arguably support an appeal. *See id.* at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the

4

appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's

motion to withdraw.  Within five days of the date of this Court's opinion, counsel is

ordered to send a copy of this opinion and this Court's judgment to appellant and to advise

him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see*

*also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673

(Tex. Crim. App. 2006).

GREGORY T. PERKES  
Justice

Do not publish.  
TEX. R. APP. P. 47.2(b).

Delivered and filed the  
3rd day of September, 2015.

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.